UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>                   Plaintiff,<br>    v.<br><br>ALBERT MARTINEZ, et al.<br><br>                   Defendant(s).<br>_____/ | No. C 14-2935 LB<br><br>**ORDER (1) GRANTING DEFENDANT'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND (2) DIRECTING THE CLERK OF THE COURT TO REASSIGN THIS ACTION TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION**<br><br>[Re: ECF No. 1, 3] |

## INTRODUCTION

On July 10, 2013, Plaintiff Deutsche Bank National Trust ("Deutsche") brought an unlawful detainer action against Defendants Frances Martinez and Albert Martinez in Superior Court for Contra Costa County. *See* Notice of Removal, ECF No. 1 at 41-58.[1] On June 25, 2014, Mr. Martinez, who is proceeding *pro se*, removed the action this court and filed an application to proceed *in forma pauperis*. *See id.* at 1-40; IFP Application, ECF No. 3. The court **GRANTS** Mr. Martinez's application to proceed *in forma pauperis,* **ORDERS** that the Clerk of the Court reassign the action to a district judge, and **RECOMMENDS** that the newly-assigned district judge remand the action to the Contra Costa County Superior Court.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 14-2935 LB
ORDER; REPORT AND RECOMMENDATION

**STATEMENT**

On February 19, 2013, Plaintiff bought the property where Defendants reside at a Trustee's sale. Compl., ECF No. 1 at 47-48, ¶¶ 1, 4. On March 11, 2013, Defendants were served with a written notice to vacate the premises, located in Walnut Creek, California, within 90 days. *Id.* at 48, ¶ 6. Plaintiff alleges that the notice was properly served in compliance with Code of Civil Procedure § 1162, but Defendants did not vacate the property. *Id.* ¶ 7. Plaintiff's complaint seeks damages from the date the notice expired on June 10, 2013, to the date judgment is rendered, at a rate of $45.37 per day. *Id.* at 48-49, ¶ 10.

On June 25, 2013, Mr. Martinez removed the case to the district court asserting that the court has original jurisdiction. Notice of Removal, ECF No. 1 at 5. On July 7, 2014, Mr. Martinez declined magistrate judge jurisdiction under 28 U.S.C. § 636 (c). Declination, ECF No. 6.

**ANALYSIS**

**I. MR. MARTINEZ'S APPLICATION TO PROCEED *IN FORMA PAUPERIS***

As an initial matter, the court notes that Mr. Martinez filed an application to proceed *in forma pauperis* on June 25, 2014. IFP Application, ECF No. 3. Upon consideration of Mr. Martinez's application, the court **GRANTS** his application.

**II. FEDERAL QUESTION JURISDICTION DOES NOT EXIST**

A defendant in a state court may remove an action to federal court so long as the action could have originally asserted federal-question jurisdiction.[2] 28 U.S.C. § 1441(b). The removing defendant has the burden of proving the basis for the federal court's jurisdiction. *Shizuko Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990). Removal jurisdiction statutes are strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Takeda v. Northwestern Nat'l. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985).

The "well-pleaded complaint" rule requires a federal question to be presented on the face of the plaintiff's complaint *at the time of removal* for federal-question jurisdiction to exist. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (emphasis added). A plaintiff may, "by eschewing

---

[2] District courts have original jurisdiction over cases that arise under the laws of the United States. U.S. Const. art. III, § 2, cl.1.

claims based on federal law, choose to have the cause be heard in state court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399 (1987). And an anticipated federal defense is not sufficient to confer jurisdiction. *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009). Nevertheless, a plaintiff may not defeat removal by omitting necessary federal questions from his or her complaint. *Id.* at 22.

It is well established that unlawful detainer claims do not arise under federal law and, without more, the court lacks federal question jurisdiction. *See, e.g., Fed. Nat'l Mortg. Assoc. v. Lopez*, No. C 11-00451 WHA, 2011 WL 1465678, at *1 (N.D. Cal. Apr. 15, 2011); *GMAC Mortg. LLC v. Rosario*, No. C 11-1894 PJH, 2011 WL 1754053, at *2 (N.D. Cal. May 9, 2011); *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010).

Mr. Martinez argues that the court has federal question jurisdiction because Deutsche violated federal laws, specifically the Truth and Lending Act (TILA), the Real Estate Settlement Procedures Act (RESPA), and the Housing for Older Persons Act (HOPA). Notice of Removal, ECF No. 1 at 1-2, ¶ 2(b). These assertions are federal defenses, however, which cannot provide this court with federal question jurisdiction regardless of their merits. *Franchise Tax Bd. of Cal.*, 463 U.S. at 10; *Hunter*, 582 F.3d at 1042-43. The court therefore lacks original jurisdiction to hear this case.

### III. DIVERSITY JURISDICTION DOES NOT EXIST

The court further finds that Mr. Martinez may not invoke diversity jurisdiction. Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000.

First, the amount in controversy is not met. In unlawful detainer actions, the right to possession of the property is contested, not title to the property, and plaintiffs may collect only damages that are incident to that unlawful possession. *See Litton Loan Servicing, L.P. v. Villegas*, No. C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) (quoting *Evans v. Superior Ct.*, 67 Cal. App. 3d 162, 170 (1977)). Here, Deutsche's complaint seeks less than $20,000. Compl., ECF No. 1 at 49. Second, even if the threshold amount for diversity jurisdiction were satisfied, removal is not proper. Under the forum defendant rule, 28 U.S.C. § 1441(b), a civil action may not be removed on

1 the basis of diversity jurisdiction where a defendant is a citizen of the state in which the action was
2 brought.

### CONCLUSION

Based on the foregoing, the court **GRANTS** Mr. Martinez's application to proceed *in forma pauperis*, **ORDERS** the Clerk of the Court to reassign this action to a district judge, and **RECOMMENDS** that the newly-assigned district court judge **REMAND** the action to the Superior Court for Contra Costa County.

Any party may file objections to this Report and Recommendation with the district judge within fourteen days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D. Cal. Civ. L.R. 72. Failure to file an objection may waive the right to review of the issue in the district court.

**IT IS SO ORDERED.**

Dated: July 15, 2014

_____
LAUREL BEELER
United States Magistrate Judge

C 14-2935 LB
ORDER; REPORT AND RECOMMENDATION

4